Dear Mr. Bourg:
You have requested an opinion on behalf of the AFL-CIO pertaining to the use of accumulated sick leave by teachers. Specifically, you ask the following questions:
 1. Is it lawful for a public school board in Louisiana to permit a teacher to give some or all of his or her accrued sick leave days to another employee?
 2. Must the teacher donating the leave days also have a personal illness or emergency to be able to donate the leave days?
LSA-Const. Art. VIII, § 9 (1974) authorizes the legislature to create parish school boards. LSA-R.S. 17:51 creates a parish school board for each parish as a body corporate, which entity is "authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper." LSA-R.S. 17:81(C).
Sick leave is provided to a member of the teaching staff for personal illness or because of other emergencies, as limited by the provisions of LSA-R.S. 17:1201. LSA-R.S. 12:1201(A)(3) further provides that all such sick leave is "vested in the member of the teaching staff by whom such leave has been accumulated." As such, sick leave is a benefit which is personal in nature, similar to the annual leave benefit. See Knechtvs. Board of Trustees, 591 So.2d 690 (La. 1991).
The sick leave benefit is defined by state law and the rules and regulations promulgated by the parish school board under the authority of LSA-R.S. 17:81(C). Because state law does not prohibit the transfer of this vested personal benefit, this office is of the opinion that a parish school board in its discretion may adopt rules or regulations to permit a teacher to give some or all of his accrued sick leave days to another school board employee. We have been informed that the school boards in Orleans and Jefferson Parishes have established policies that permit such transfers.
In response to your second question, the donation of the sick leave benefit is not contingent upon the illness of the member of the teaching staff, unless otherwise provided by the rules of the parish school board.
Finally, we have also enclosed a copy of Attorney General Opinion 94-530, recently released, which addresses similar issues.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ BETH CONRAD-LANGSTON ASSISTANT ATTORNEY GENERAL
BCL:ams
Mr. John R. Bourg, Secretary-Treasurer Office of the Louisiana AFL-CIO 429 Government Street Baton Rouge, LA 70821
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL